IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30883
_____


VINCENT LaPRIME,

                                        Plaintiff-Appellant,


versus

DR. PALLAZZO, ET AL.,

                                        Defendants,

DAVID WALTERS, JR., Deputy,

                                        Defendant-Appellee.
_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(94-CV-3130-F)
_____

October 9, 1996

Before REYNALDO G. GARZA, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Vincent LaPrime filed an action under 42 U.S.C. § 1983 against

Deputy David Walters, Jr. and others, alleging that Walters had

injured LaPrime's wrist by using excessive force while trying to

handcuff LaPrime.  A key issue at trial was whether LaPrime had

reacted violently to Walters' initial attempt to handcuff him.  The

_____

    [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

district court admitted the testimony of Dr. Richard Richoux, a psychiatrist who had previously treated LaPrime while LaPrime was incarcerated in a prison psychiatric ward. Dr. Richoux testified that LaPrime suffers from anti-social personality disorder, and that manipulative behavior and aggressive reactions to authority figures are typical of that disease. LaPrime appeals the jury verdict against him, arguing that Richoux's testimony was inadmissible character evidence under Fed. R. Evid. 404(a).

Rule 404(a) states generally that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith . . ." The Federal Rules of Evidence do not define the term "character trait." Other courts and authorities, however, have concluded that a character trait is "an element of one's disposition." See United States v. West, 670 F.2d 675, 682 (7th Cir. 1982) (holding that "limited intelligence" was not a character trait).

Having considered these authorities and the arguments of the parties, we conclude that Dr. Richoux's testimony, concerning the mental disease with which LaPrime had been diagnosed, was properly admitted as expert medical opinion that would assist the jury in determining a disputed issue of fact. Fed.R.Evid. 702. Accordingly, the judgment of the district court is

A F F I R M E D.